IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02-92340 |
| JANICE ELAINE WILLIAMS, | § | CHAPTER 13 |
| DEBTOR | § | |

## AGREED ORDER ON MOTION OF CONSECO FINANCE SERVICING CORP. FOR RELIEF FROM AUTOMATIC STAY

On November 20, 2002, came on for hearing the Motion of Conseco Finance Servicing Corp. ("Movant") for Relief from Automatic Stay (the "Motion") filed herein on September 24, 2002. After reviewing the pleadings and other documents on file, the Court finds that the Motion was served on all parties in interest and the Debtor was the only party who filed a timely response to the Motion. The attorneys for the Movant and Debtor announced that the parties have agreed to the terms of this order as follows:

1. Movant is the owner and holder of a claim evidenced by a Manufactured Home Retail Installment Contract and Security Agreement (the "Contract"), dated July 8, 2000, executed by Debtor, which is fully secured by a properly perfected security interest in Debtor's 1988 Liberty Homes Manufactured Home bearing S/N 15L15186X and 15L15186U (the "Collateral");

2. Debtor is not opposed and is in agreement to modify the automatic stay.

The parties further have agreed, and therefore, it is ORDERED, ADJUDGED, and DECREED that the continuation of the automatic stay shall be conditioned or modified as to the Collateral upon the Debtor not defaulting on any provision set forth below. If the Debtor defaults on any such provision, the automatic stay shall be terminated as to the Collateral without further order of this Court to allow Movant to proceed to immediately exercise its rights against

the Collateral under the Contract and applicable nonbankruptcy law. Such provisions are as follows:

1. Debtor shall, at all times, remain current in her postpetition payments directly to Movant outside the Chapter 13 Plan, beginning with the November 15, 2002 payment. Payments must be received by Movant on or before the 15th day of each month.

2. Debtor shall amend the Chapter 13 Plan and/or the Confirmation Order on or before confirmation to provide for payment of prepetition arrearages owed to Movant under the Chapter 13 Plan in the principal amount of $647.54 at 13.00% interest.

3. Debtor shall, at all times, remain current in her plan payments to the Chapter 13 Trustee's office.

4. The Debtor shall pay Movant's attorney's fees incurred in filing this motion for a total amount to be paid of $500.00; by paying five (5) equal consecutive monthly payments of $100.00. Such payment shall be due on or before the 1st day of each month and shall begin on December 1, 2002.

5. Debtor shall, at all times, maintain, and provide to Movant proof of, current and effective full coverage insurance in accordance with the terms of the Contract insuring the interest of Movant in the Collateral. Debtor shall maintain such insurance so long as Movant maintains an interest in the Collateral and Debtor shall provide continued proof of such insurance immediately upon change of insurance or cancellation of same to Movant. Movant shall be listed on the insurance policy as lienholder.

6. All payments to be made to Movant must be received by Movant on or before their respective due dates and should be forwarded to the following: Conseco Finance Servicing Corp., P.O. Box 79021, City of Industry, California, 91716-9021.

7. If the Debtor defaults in any provision of this Order, Movant shall give Debtor, Debtor's attorney, and the Chapter 13 Trustee notice of such default. The Debtor will then have ten (10) days after the mailing of such notice to cure such default. If the Debtor fails to cure the defaults within the 10-day period, the automatic stay will lift thereby allowing Movant to proceed against the Collateral under applicable law and to repossess the Collateral and to foreclose its security interest in the Collateral, nonjudicially or judicially. Further, if necessary, Movant shall be allowed to file an Amended Proof of Claim for any deficiency resulting after the sale of the Collateral.

8.  Debtor is allowed only two (2) opportunities to cure any defaults in any provision of this order. Upon the third (3rd) default, the automatic stay will lift automatically without further notice or order of this Court.

9.  The Agreed Order shall survive the Confirmation of the Chapter 13 Plan even if the plan and/or confirmation order does not incorporate the terms of the Agreed Order expressly or by reference.

10. Nothing in this order shall cause/allow the automatic stay to extend beyond its termination by operation of law.

11. This Agreed Order shall be final upon entry and the ten (10) day time period of Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

Dated: November 20, 2002.

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED BY:

BY: _____
ALLEN GREGORY *by Consent P. ce Hahi*
TBA #_____
P.O. BOX 1702
BEAUMONT, TX 77704
PHONE: (409)835-3891
FAX: (409)835-2707

ATTORNEY FOR DEBTOR


OFFERMAN & KING, L.L.P.

BY: _____
JAMES W. KING
TBA #00791029
6420 WELLINGTON PLACE
BEAUMONT, TEXAS 77706
PHONE: (409) 860-9000
FAX: (409) 860-9010

ATTORNEY FOR CREDITOR

AGREED TO AND APPROVED BY:

BY: *Allen Gregory*
ALLEN GREGORY
TBA # 08430900
P.O. BOX 1702
BEAUMONT, TX 77704
PHONE: (409)835-3891
FAX: (409)835-2707

ATTORNEY FOR DEBTOR

OFFERMAN & KING, L.L.P.

BY: _____
JAMES W. KING
TBA #00791029
6420 WELLINGTON PLACE
BEAUMONT, TEXAS 77706
PHONE: (409) 860-9000
FAX: (409) 860-9010

ATTORNEY FOR CREDITOR