IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS

FILED
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TX

Jan 13  1 15 PM '03

CLERK, U.S. BANKRUPTCY
COURT
BY _____

IN RE: Janice Williams

❖
❖
❖
❖
❖
❖
❖
❖
❖

CASE# 02-92340

CHAPTER 13

DEBTOR(S)

## TRUSTEE'S CONFIRMATION REPORT, WITNESS & EXHIBIT LIST

ATTORNEY FOR DEBTOR(S)          Allen T. Gregory
TRUSTEE: Michael Gross

I. Budget Information
  A. Monthly Income
     Debtor                                                    $1,600.00
     Spouse                                                        $0.00
     Other                                                         $0.00

     Total                                                     $1,600.00
     Expenses                                                  $1,220.00
     Difference                                                  $380.00
  B. Monthly Payment Plan                                        $380.00

II. Analysis of Plan
  A. Monthly Payment                                             $380.00
  B. Duration in Months                                               60
  C. Gross Amount Paid by Debtors                             $22,800.00

  D. Administration Allowance                                  $2,280.00

  E. Net Available to Creditors                               $20,520.00


Based on plan filed on:                    7/8/2002

F. Priority and Specially Classified Unsecured Claims:

| Description | Amount Claimed | Proposed Principle | Interest Rate | Term | Monthly Payment | Total |
|---|---|---|---|---|---|---|
| Allen Gregory | | $1,500.00 | | 5 | $300.00 | $1,500.00 |
| **IRS** **NOT IN PLAN** | **$5,000.00** | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | TOTAL | $1,500.00 |

G. Secured Claims: The following secured claims are known to the Trustee at this time and are treated as follows:

| Creditors Name | Amount Claimed | Proposed Principle | Interest Rate | Term | Monthly Payment | Total |
|---|---|---|---|---|---|---|
| Conseco (mobile home arrears) | **$647.54** | $638.00 | 8.00% | 55 | 13.89 | $763.95 |
| Ford Motor Credit ('99 Ford) | **$9,925.00** | $9,925.00 | 10.00% | 55 | 225.69 | $12,412.95 |
| Huntington St. Bank ('01 Yamaha ATV) | **$3,638.92** | $3,190.00 | 8.00% | 55 | 69.47 | $3,820.85 |
| Gallery Furniture (furniture) | **no claim filed** | $450.00 | 8.00% | 55 | 9.80 | $539.00 |
| Sears (washer | **u/s claim filed** | $150.00 | 8.00% | 55 | 3.27 | $179.85 |
| Lowes (dryer) | **no claim filed** | $150.00 | 8.00% | 55 | 3.27 | $179.85 |
| Conseco (mobile home/reg pymts) debtor disbursing agent | | | | | | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Angelina Co.<br>**NOT IN PLAN** | **$971.74** | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | | $0.00 |
| | | | | | TOTAL | $17,896.45 |

Total paid to Secured Claims                       $17,896.45

Priority and Specially Classified Unsecured Claims      $1,500.00

H. Projected Amount Available to Unsecured Claims      $1,123.55

I. Total Unsecured Claims (less priority)               **$8,637.96**

J. Projected Dividend to Unsecured Creditors           13.01%

III. The Trustee is of the opinion that:

☐ **The plan should be confirmed.**

☑ **The Trustee objects to confirmation on the following grounds:**

☑ 1. It does not appear that the debtor(s) has sufficient disposable income to fund the proposed plan as required by 11 U.S.C. 1325(a)(6). **Failure to amend Schedule I to disclose new job (no longer at Burke Center).**

☑ 2. It does not appear that the debtor(s) has dedicated all disposable income to the proposed plan as required by 11 U.S.C. 1325(b)(1)(B). **Failure to amend Schedule I to disclose Social Security income.**

☐ 3. The Debtor(s) has failed to dedicate all disposable income to the plan by the payment of the Debtor's 401(k) loan. See In re Scott, 142 BR 126(Bkrtcy E.D. Va 1992).

☐ 4. The Debtor(s) has failed to make monthly Chapter 13 plan payments as required by 11 U.S.C. 1326(a)(1)and/or has failed to dedicate all disposable income by the Debtor'(s) failure to make Chapter 13 plan payments during the initial months of the plan.

☐ 5. The plan is under funded. An additional $0.00 or $0.00 per month is needed to successfully complete the plan as proposed.

☑ 6. The debtor(s) has not provided or fully provided for the following priority claim(s) as required by 11 U.S.C. 1322(a)(2). **IRS**

☐ 7. The Debtor proposes to overpay the priority claim(s) of the following creditor(s) in violation of 11 U.S.C. 1322(a)(2).

☑ 8. The plan fails the requirements of 11 U.S.C. 1325(a)(5) by either overpaying and/or underpaying the allowed secured claim(s) as follows. **Conseco (arrears), Huntington State Bank**

☑ 9. The plan proposes to pay interest to specific unsecured claims which violates 11 U.S.C. 1322(a)(3) and 1322(b)(1) by discriminating against other unsecured creditors. **Sears**

☑ 10. The debtor(s) propose to pay the following creditor(s) that do not hold an allowed claim under 11 U.S.C. 502(a). **Galley Furniture, Lowes**

☐ 11. The plan fails to fully provide for the following special class claim(s) in accordance with the underlying proof of claim(s) deemed allowed under 502(a).

☐ 12. The Debtor's proposed plan does not meet the Chapter 7 to Chapter 13 Comparison Test as set forth in 11 U.S.C. 1325(a)(4), in that the Debtor's equity interest in non-exempt real or personal property of $0.00 requires that this amount be provided for the benefit of unsecured creditors.

☐ 13. The Trustee objects to the proposed plan in that such would be in violation of 11 U.S.C. 1322(d) by proposing a plan that will cause the Debtor(s) to be in bankruptcy for a period greater than 60 months when the time period proposed in the present bankruptcy is stacked together with the time the Debtor(s) was in a previous bankruptcy or bankruptcies. In the alternative, the Trustee objects to the proposed plan as being proposed in bad faith in violation of 11 U.S.C. 1325(a)(3) in that the Debtor(s) is a serial filer by filing more bankruptcies prior to the present bankruptcy.

☐ 14. Attorney's fees require court approval in accordance with Local Rule of Bankruptcy Procedure 2016(e)(2).

☐ 15. The Debtor(s) has failed to file monthly operating reports as required by Local Rule of Bankruptcy Procedure 2015(a).

☐ 16. The Debtor(s) has failed to demonstrate an ability to make all of the payments under the plan pursuant to 11 U.S.C. 1325(a)(6) by failing to provide to the Trustee proof of present income in the form of copies of pay check stubs and/or tax returns.

☐ 17. Other:

IV. The Trustee reserves the right to call as a witness any or all of the following listed persons in relation

to confirmation:

        1. Michael Gross, Chapter 13 Trustee
        2. John Talton, Staff Attorney
        3. Debtor(s)
        4. Any witness designated by other party.
        5.

22. The Trustee reserves the right to introduce into evidence any or all of the following:

Copies of these Exhibits will be provided by the Trustee upon request by any party.

        Respectfully submitted,

        MICHAEL GROSS, CHAPTER 13 TRUSTEE

Michael Gross, SBN 08532000
John J. Talton, SBN 19629700
P.O. Box 7097
Tyler, TX 75711
(903) 593-7777, Fax (903) 597-1313

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Trustee's Confirmation Report, Witness & Exhibit List has been served upon the following parties in interest by mailing a copy of the same to them via first class mail.

Allen T. Gregory
P.O. Box 1702
Beaumont, TX 77704

Janice Williams
Rt. 7, Box 2437
Lufkin, TX 75904

JAN 1 0 2003

_____
Date

Michael Gross, Trustee
John J. Talton